# IN THE COURT OF APPEALS OF IOWA

No. 24-0610
Filed April 9, 2025

**STATE OF IOWA,**
     Plaintiff-Appellee,

**vs.**

**CREON DUWAYNE RASHARD DAVIS,**
     Defendant-Appellant.

_____

Appeal from the Iowa District Court for Johnson County, Paul D. Miller, Judge.


A criminal defendant appeals his discretionary sentence following a guilty plea. **AFFIRMED.**


Gregory F. Greiner, West Des Moines, for appellant.

Brenna Bird, Attorney General, and Linda J. Hines, Assistant Attorney General, for appellee.


Considered without oral argument by Ahlers, P.J., and Badding and Buller, JJ.

**BULLER, Judge.**

Creon Davis appeals from re-sentencing for his conviction for sexual abuse in the second degree, a class "B" felony in violation of Iowa Code sections 709.1 and 709.3(1)(b) (2020). He contends the sentencing court, on remand from our decision in *State v. Davis*, No. 22-1525, 2024 WL 259721 (Iowa Ct. App. Jan. 24, 2024), abused its discretion when it re-sentenced him for a crime he committed as a juvenile.

At resentencing, Davis's former correctional counselor testified that Davis had not yet begun sex offender treatment and likely would not do so until closer to his discharge date. The court also considered a victim impact statement by the mother of the minor child Davis sexually abused: she described how the victim was particularly vulnerable, Davis was a predator, Davis had continued to avoid accountability even after pleading guilty, and the consequences of the sexual abuse were devastating for the victim and her family.

The State recommended twenty-five years in prison with no mandatory minimum. Davis's attorney advocated for a deferred judgment or suspended sentence or, if incarceration was necessary, no more than five years. In allocution, Davis said he thought he could someday "show growth, show change, and be a functioning part of society." And in response to somewhat leading questions from the court, Davis said he recognized the harm he caused and wished to apologize. The district court sentenced Davis to prison with no mandatory minimum and lifetime special parole under chapter 903B.[1]

---

[1] Davis does not challenge imposition of the chapter 903B special sentence, even though that was the basis of his first appeal. *See Davis,* 2024 WL 259721, at *1.

In explaining its reasons for sentence, the district court noted it was not required to consider the constitutional juvenile-sentencing factors but still found them instructive. And the court considered a variety of mitigating factors, including the report of a defense psychologist requested by Davis, Davis's age, the recommendations of the pre-sentence investigation report (PSI) writer, Davis's lack of other criminal history, and that he showed "some remorse." The court balanced these mitigating factors against the nature of the offense—what the court called "pretty disgusting behavior"—and the need to protect the community from future criminal conduct.

"[T]he decision of the district court to impose a particular sentence within the statutory limits is cloaked with a strong presumption in its favor, and will only be overturned for an abuse of discretion or the consideration of inappropriate matters." *State v. Formaro*, 638 N.W.2d 720, 724 (Iowa 2002). To show an abuse of discretion, a defendant bears the burden to affirmatively show that the district court relied on improper factors or clearly untenable grounds. *State v. Sailer*, 587 N.W.2d 756, 759, 762 (Iowa 1998).

The district court correctly recognized it was not required to utilize the constitutional juvenile sentencing factors because it was not imposing a mandatory minimum. *See State v. Propps*, 897 N.W.2d 91, 101 (Iowa 2017). And we discern no abuse of discretion in the district court's consideration of these juvenile-sentencing principles in fashioning a sentence that weighed competing aggravating and mitigating concerns. In his appellate brief, Davis does not identify any improper factors or impermissible considerations the court relied on—he just says that he disagrees with the sentence imposed. "[M]ere disagreement with the

sentence imposed, without more, is insufficient to establish an abuse of discretion." *State v. Pena*, No. 15-0988, 2016 WL 1133807, at *1 (Iowa Ct. App. Mar. 23, 2016).

**AFFIRMED.**